Opinion adopted May 8, 1888.

70   657
78   570

No. 5636.

ALONZO RUSSELL v. J. B. HUNNICUTT.

1. DECLARATIONS OF SURVEYORS.—The declarations of a surveyor who is dead, which were made at a time when he was attempting a survey of a tract of land not originally surveyed by him, of which he had no previous knowledge, and which relate to his opinion regarding the identification of corners and lines of the survey, are not admissible in evi-

42

dence. His declarations as to distances then measured by him from designated objects would be admissible. Where it is shown that the surveyor was in a position to know the truth of his declarations from having made the original survey, or from other knowledge possessed by him, the rule is different.

APPEAL from Blanco. Tried below before the Hon. A. W. Moursund.

*A. O. Cooley,* for appellant: Statements made by a deceased surveyor in regard to boundaries are not admissible except when made with reference to locations of surveys originally made by such surveyors, or as to matters of common notoriety in reference to old established corners or landmarks, or in reference to natural or artificial marks found by such surveyor on the ground and since obliterated.

Statements of deceased persons in regard to boundaries are not admissible except where relating to corners or lines pointed out to party making declaration by some person who was present when such corners or lines were originally made. (George v. Thomas, 16 Texas, 92; Welder v. Hunt, 34 Texas, 44; Welder v. Carroll, 29 Texas, 332; Hunt v. Evans, 49 Texas, 316; 1 Greenleaf, sec. 145.)

*R. H. Ward,* for appellee: Declarations and statements of a surveyor, since deceased, while making survey in regard to distance, courses, marks, corners, lines, etc., are admissible in evidence, and in this case the court did not err in admitting in evidence the testimony of the witnesses, A. J. Beauchamp, Dan Brown, W. R. Hunnicutt, and J. B. Hunnicutt in regard to the declarations of the deceased surveyor, H. L. Conn. (Stroud v. Springfield, 28 Texas, 666; George v. Thomas, 16 Texas, 92; Wilder v. Hunt, 34 Texas, 44.)

COLLARD, JUDGE. H. L. Conn had once been surveyor of Blanco county, but not since 1870. Subsequently he did private surveying, and in 1882 or 1883 he surveyed the Roland Hunnicutt two-thirds of a league for plaintiff below (appellee) to ascertain its boundaries. The original survey was made in 1856. Quite a number of persons were along when the survey was made by Conn, the plaintiff, his son and others. The declarations of Conn of his opinion as to identity of lines and corners while making the survey were admitted in evi-

dence on the trial, as sworn to by plaintiff, his son and others, who were present. The testimony of one Beauchamp will illustrate the character of the evidence, and we quote from it for that purpose:

"I knew H. L. Conn; he is now dead. About three years ago I went with Conn, J. B. Hunnicutt, W. R. Hunnicutt, Daniel Brown, Cicero Woodard and some others to what is claimed as the northwest corner of the R. Hunnicutt and the northeast corner of the E. Marshall survey, number one hundred and seventy-five. Conn said, after looking at it, that he was not satisfied it was the proper corner, and we went west measuring distance of the E. Marshall survey, and found a corner which Conn said looked to be the northwest corner of the Marshall and the northeast corner of the J. Duel survey one hundred and seventy-two; Conn said it corresponded with the field notes. From there we went south, measuring, until Conn said we had run the distance called for in the field notes of the Marshall survey, and found a corner which Conn said was the southwest corner of the Marshall and the southeast corner of the Duel surveys. We then ran east until Conn said we had run the distance called for in the Marshall field notes, and failed to find any corner. Having looked for it a while and not finding any corner, a stone mound was made for the southeast corner of the Marshall. We then ran east until Conn said we had run the distance called for on the Hunnicutt. We failed to find any corner, but some further east found a mound; didn't find any bearing trees. The country around there has been burned off and the timber destroyed. Next morning we went north from the mound, and after going about half a mile found an old marked lime, which Conn said was the east line of the Hunnicutt survey. Going on the line three hundred or four hundred yards, we found a corner, which Conn said was the corner of the Friedlander survey. I ran the corners mentioned, but have no personal knowledge as to whether they corresponded with the field notes or not; only know from what Conn said. I have no idea how many varas were run each time, or as to correctness of measurement, except what Conn said. I and others carried the chain."

It is not shown that Conn had made the original survey, or that he had any knowledge of the facts stated by him, nor is it shown that he intended to do more than merely express his opinion. If it had been shown that he made the original sur-

vey, or was present when it was made, or that he was in such a position as to know the truth of his declarations, they would have been admissible, he having died before the trial. The declarations of a chain carrier who assisted in making the original survey, or of the surveyor who located the land, deceased at the time of trial, would be admissible. (Spear **v.** Coate, 3 McCord, 229; Sutherland v. Keith, Id., 253.)

. Field notes of the original survey by the surveyor who made them, if they are proved to be in his handwriting, he being dead, would be admissible as his declarations. (Stroud v. Springfield, 28 Texas, 665.) One who has been the owner of a survey is presumed to know his own boundaries and his declarations as to boundaries made after he has parted with his title; and when he has no interest in favor of either party, are admissible after his death; and so would the declarations of one in possession, while pointing out the boundary to which he claimed. (Hunt v. Evans, 49 Texas, 316.) But what a surveyor said was a boundary, without proof that he knew the fact, would be too vague and uncertain. (Welder v. Carroll, 29 Texas, 335.)

In the case of Hunnicutt v. Peyton, 103 United States, 364, the following rule is given: "In questions of private boundary, declarations of particular facts as distinguished from refutation made by deceased persons, are not admissible unless they were made by persons who it is shown had knowledge at that time whereof they spoke, and who were on the land or in possession of it when the declarations were made. To be evidence, they must have been made when the declarant was pointing out or marking the boundaries, or discharging some duties re- ·lating thereto." The court also held that as the case before them was from Texas, if a different rule from the above prevailed in Texas, and had become a rule of property, such rule would be enforced. The court then reviewed George v. Thomas, 16 Texas, 64; Welder v. Carroll, 29 Texas, 317; Evans v. Hurt, 34 Id.; Smith v. Russell, 37 Id; and Stroud v. Springfield, and conclude that "it is quite obvious the rule in Texas is not different from that which we have endeavored to show is the general American rule, the guarded rule we have heretofore stated."

We find nothing in our decisions since the last case from this State cited by the Supreme Court of the United States at variance with the doctrine there announced. Hurt v. Evans, 49 Texas, is the last case in this State bearing upon the question,

and we have shown that it does not change the law as before established, and hence we conclude that the declarations of Conn were inadmissible, because he is not shown to have had such knowledge of the facts as the law requires to entitle them to any standing as evidence. His declarations as to distances then measured by him would be a part of the res gestæ, and of course admissible for what they might be worth, but his statements of identification of corners and lines are clearly inadmissible.

For the reasons given above, the judgment should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*