## JAMES S. SIMPSON V. ANTONIA G. DE RAMIREZ.

Decided March 25, 1908.

**1.—Boundaries—Evidence—Declarations of Surveyor.**

Declarations of a surveyor, since deceased, are competent evidence as to the boundaries of a survey previously made by him, such declarations having been made while engaged in surveying an adjoining tract.

**2.—Same—Declaration of Owner.**

The declarations of an owner, since deceased, as to the corner and boundaries of his land made within a few months after the same had been surveyed and established, and at a time when there was no apparent inducement to falsify, are competent evidence.

3.—Same—Conflicting Evidence.

In a case of conflicting surveys, evidence considered, and held to support a judgment disregarding the calls in the patent for course and distance, and fixing the boundaries of the survey by calls for a creek and by oral testimony as to declarations of the surveyor and owner.

Appeal from the District Court of Webb County. Tried below before Hon. J. F. Mullally.

*H. C. Dickinson,* for appellant.—When the field notes of a patent contain no inconsistent calls and the land covered by it can be so identified as to locate it by following the courses and distances in said field notes, then said field notes in the patent are conclusive; and neither parol evidence nor the declaration of the surveyor, since deceased, is competent or admissible to vary or change them or to show that other land not embraced in the description in the patent was granted by the patent. And the declaration of a surveyor, since deceased, relative to the location of the corners of a tract of land, is not admissible in any case, unless it be shown that he was discharging some duty in relation to said tract of land at the time he made said declaration. Anderson v. Stamps, 19 Texas, 460; Clay Co. L. & C. Co. v. Montague Co., 28 S. W. Rep., 704; Muller v. Landa, 31 Texas, 265; Williams v. Winslow, 84 Texas, 371; Boon v. Hunter, 62 Texas, 588.

The court erred in finding as a fact, that the stones at the corners of the land are at the corners of survey No. 129, as originally established by the deputy district surveyor when he made the survey, because there is no legal or competent evidence to sustain said finding and because the same is contrary to the evidence in this case. Booth v. Upshur, 26 Texas, 70; Jones v. Burget, 46 Texas, 284; Upshur Co. v. Lewright, 17 Texas Ct. Rep., 986; Williams v. Winslow, 84 Texas, 371; Robinson v. Doss, 53 Texas, 496; Davis v. Smith, 61 Texas, 21; Stafford v. King, 30 Texas, 257.

*C. C. Pierce* and *A. Winslow,* for appellee.

JAMES, CHIEF JUSTICE.—Appellant sued in trespass to try title, claiming title to a school section No. 56. There seems to have been no question as to plaintiff's title, nor as to the location of the survey on the ground. The survey was an alternate surveyed in 1879, and purchased by plaintiff in 1906 from the State.

The defendant was owner of a survey, 129, which was patented to Damasio Ramirez in 1875. The position which the survey should be held to occupy is the issue in the case, the judgment placing the latter survey so as to cover all of plaintiff's section 56, except about eighty acres thereof.

The testimony was substantially as follows: The survey 129 is based on survey 130 which it adjoined. At the time these two surveys were made, there were no other surveys in the vicinity, and 130 was put in by means of a connection 5322 varas off, as will be seen by the following notes from the General Land Office:

Survey 130. Beginning at a stake placed for the S. W. corner, distant N. 40° 10′ East 5322 varas from the S. E. corner of a survey, No. 127, made for Sabinas Rodriguez; thence N. 25° E. to a stake placed for the N. W. corner, 1900.8 varas; thence S. 65° E. to a stake placed for the N. E. corner, 1900.8 varas; thence S. 25° W. to a stake placed for the S. E. corner, 1900.8 varas; thence N. 65° W., 1900.8 varas to the place of beginning. Bearings marked "X." Surveyed July 29, 1874.

Survey 129. Beginning at a stake placed for the N. E. corner of survey 130, made for the State of Texas, and which is the N. W. corner of this survey; thence S. 65° E. at 1720 varas passed the Arroyo of the Prieto, at 1900.8 varas placed a stake for the N. E. corner; thence S. 25° W., at 1900.8 varas placed a stake for the S. E. corner, passing at 950 varas the Arroyo Prieto; thence N. 65° W., 1900.8 varas to a stake placed for the S. E. corner of State survey No. 130 and which is the S. W. corner of this survey; thence N. 25° E. along the line of No. 130, 1900.8 varas to the place of beginning.

The surveys were made by deputy surveyor Jarvis, and one of the findings of the court is that they were made on the ground. If these two surveys are surveyed by the courses and distances called for, survey 129 would occupy a position on the ground, not in conflict with plaintiff's survey No. 56. The court, however, did not so place them, and appellant's contention is that there is no warrant in the evidence for placing them otherwise than by observing the calls for course and distance given in the field notes returned to the Land Office, which are repeated in the patent. This contention of appellant would, however, not bring survey No. 129 within a mile or so of the Arroyo Prieto which two of its lines call to cross. This, however, we recognize as not always being a controlling matter, for the surveyor may go upon the ground and call to cross a creek, and at the same time he may mistake some other arroyo or branch for the creek he calls for (as appellant suggests), and where the evidence develops facts making such a mistake probable, the call may have no weight. But there is no testimony in this regard showing the existence of any other arroyo which might have been mistaken by the surveyor for the Prieto. It is hardly probable that Jarvis, making the survey on the ground, should have called for two lines of 129 to cross the Arroyo Prieto, if in fact he did not approach within a mile of that creek.

The facts upon which the court rendered its judgment may be briefly stated: Arthur Foster testified that Jarvis, the surveyor, now deceased, had told witness about fifteen years ago, while they were surveying adjoining lands, that the N. W. corner of survey 129 was at the pile of stones at the place marked in the plat, attached to the surveyor's report in the case, "old stone corner," for N. W. corner of survey 129.

Manuel Rodriguez testified: "I helped to put the stones at the corners of the land claimed by defendant. They were put there in 1875 and we put them at the places where Damasio Ramirez told us to put them. I remember when the land was surveyed. It was in 1874. I am fifty years old. No surveyor was present when we put

the stones at the corners at the direction of Damasio Ramirez. The stones were put where Damasio Ramirez told us to put them, about six or eight months after the survey was made."

The findings of the judge are that these stones are at corners of survey 129 as originally established by the deputy district surveyor when he made the survey. The only question for us to determine is whether or not this conclusion of fact is supported by evidence which was competent.

We think that the declaration of Jarvis made to Foster as to the locality of the north corner of survey 129 was admissible, he being dead. As stated in Russell v. Hunnicutt, 70 Texas, 659: "If it had been shown that he made the original survey, or was present when it was made, or that he was in a position to know the truth of his declarations, they would have been admissible, he having died before the trial." See Tracy v. Eggleston, 108 Fed. Rep., 325.

The testimony of Manuel Rodriguez was admissible. The designation by Damasio Ramirez a few months after the survey of his land, of the corner of his land, at a time when plaintiff's survey was not in existence, and no intent appears to have existed to actuate him to falsify, and he being dead at the time of the trial, has been held to be proper evidence. Goodson v. Fitzgerald, 80 S. W. Rep., 902, and cases there cited. Mathews v. Thatcher, 33 Texas Civ. App., 133.

The court seems to have given weight to these facts, (the latter alone being sufficient basis for the judgment, whatever may be said of the first) and also to the call for the Arroyo Prieto, with which said facts are more consistent than would be the case by placing the survey 129 where appellant claims it should be placed. Course and distance sometimes will prevail over everything else, but here their effect was a matter of fact for decision, and by the decision, which as we think was upon competent evidence, we are bound.

The fact that the court erroneously admitted in evidence the field notes of survey 129 as contained in the record in the surveyor's office, which show certain courses had been erased and others inserted, is immaterial. The field notes of a survey returned to the Land Office and carried into the patent, can not be changed afterwards in the surveyor's office; but the field notes as altered, could have had no effect in influencing the finding of the court as to the position of the corners of the survey, upon which finding the judgment was based, as even the changed courses would not bring the survey near any of said corners.

The court doubtless erred in taking judicial cognizance of the "official map of Webb County" which seems not to have been introduced in evidence. But this could hardly have influenced the findings that the stones are at the corners as originally established by the deputy district surveyor who made the survey, which finding alone would necessitate the judgment rendered. Judgment affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.