This suit was filed by the appellee in the court below against the city of Dallas to recover damages for the removal of earth from portions of a lot owned by him and situated in one of the additions to the city of Dallas. He also sought to enjoin the city from making further encroachments upon his property.
The appellee is the owner of lot 1 in block 1 of what is known as Buckelew's place, an *Page 297 
addition to the city of Dallas. The lot consisted of 50 feet fronting west on Tyler street and extending back east 150 feet on the south side of Page street. A short time prior to the institution of this suit the city of Dallas determined to improve Page street, and began removing earth from a strip of land on the north side of the appellee's property, upon the assumption that it was operating within the limits of Page street. The excavations extended from Tyler street east about 75 feet, and south within a few inches of a cottage which the appellee had erected upon this lot.
After general and special exceptions and a general denial, the city of Dallas specially pleaded, in substance, as follows: In September, 1889, the Dallas Land Loan Company owned a tract of land situated in Oak Cliff, near the plaintiff's property. A portion of this tract was surveyed, subdivided into lots and blocks, with streets and alleys running north and south and east and west, and a map was made and placed of record. This plat was designated and known as Dallas Land Loan Company's addition No. 2. Among the streets which ran east and west through this addition was one called Park street but which was later known as Page street. In February, 1890, the Dallas Land Loan Company surveyed and made another similar addition adjacent to and west of addition No. 2. This second addition was designated and known as Dallas Land Loan Company's addition No. 3. A map of this addition was also made and placed of record. The two additions were made about the same time, surveyed and subdivided by the same surveyor, C. E. Brown, and constituted practically one enterprise. The streets and alleys which ran east and west through addition No. 3 were extensions of the streets and alleys which ran through addition No. 2. They were of the same width, and known by the same names in each addition. There were no offsets or diversions where the two additions joined, but the streets and alleys ran upon straight lines through both additions. Among those streets was what is now designated as Page street, which bounds the plaintiff's property on the north. The lot owned by plaintiff is situated on land which was originally a part of addition No. 3, and lies immediately south of Page street as first laid out and established. In recording the map of addition No. 3, an error was made by the clerk in designating the width of an alley which lies north of Page street and between Jefferson and Center streets. In the original map that alley was designated as 20 feet wide, whereas in the record of the plat it is shown to be only 15 feet wide. That error, it is alleged, was known to the plaintiff, or by the exercise of ordinary diligence it could have been known to him.
The court sustained exceptions to all the matter thus specially pleaded, and that portion of the answer of the city was stricken out. In the trial which followed the court permitted the introduction of the record of the plat of addition No. 3, but refused to permit the introduction of the map of addition No. 2 or a copy of the original map of addition No. 3, after proof of the loss of the original. Upon a hearing by the court without a jury, a judgment was rendered in favor of the plaintiff, McMurray, for damages in the sum of $500 and for the writ of injunction prayed for.
It is apparent from the record before us that the controlling question in this case is, where should the south line of Page street be located on the ground? While the appellee has pleaded an estoppel against the city to extend the line of that street south of where he claims the north boundary line of his property should be, he has not shown any facts which justify the enforcement of such an estoppel. The proof relied on is not sufficient to authorize the appellee to encroach upon the limits of the original boundaries of Page street. The record shows that the appellee's lot is a part of Buckelew's addition, which addition was composed of blocks 182, 183, 184, and 185, originally a part of addition No. 3, platted and mapped by the Dallas Land Loan Company. These blocks were situated, according to the original map, in the southwest corner of addition No. 3, and a few blocks south of the alley which the appellant alleged had been erroneously designated on the recorded plat as only 15 feet wide. Buckelew's addition was laid out and platted in 1913. A map placed of record shows that the four blocks above referred to had been resurveyed and the lots rearranged, but without altering the lines of Tyler street on the west of the addition, or Page street on the north. In the description of Buckelew's addition the south line of Page street was called for.
Apparently, the difficulty and confusion attending the proper location of Page street was due to the fact that the land included in the addition was sparsely settled. Many of the lots were unoccupied, and no definite marks made to indicate just where the street lines were to be established. Under those circumstances it was proper for the city to prove any pertinent fact which would aid the court in determining the location of the original south line of Page street by measurement from some other established point or street. If, as stated by the appellant in its special answer, there was an error of 5 feet in the record of the plat of addition No. 3, and that error was known to the appellee at the time of his purchase, appellant should have been permitted to plead and prove the true boundaries as indicated by the original map. Under the facts as stated in the answer, if the two additions known as Dallas Land Loan Company's additions Nos. 2 and 3 were made about the same time *Page 298 
and as practically one enterprise by the same people, and the streets and alleys of the second were direct and straight extensions of the streets and alleys of the first, those facts would tend to show the existence of the error in the width of the alley claimed by the appellant. Since the appellee is only complaining of an encroachment of about 5 feet, that error might easily account for the conflict between appellee and the city. We conclude that the court erred in sustaining the exceptions to the special answer.
After proving the loss of the original maps of the additions laid out by the Dallas Land Loan Company, the appellant offered in evidence a copy of those maps which, it was claimed, were used by that company in making sales of lots. The bill of exceptions recites that —
"The map offered in evidence was old and worn, but it shows all of both additions 2 and 3, and is not here set out, but it shows the lots and streets to be continuous in the two additions and of uniform width, and it shows Page street as an extension of and continuous with Page street, and it shows the alley south of Jefferson street to be the same width in the two additions and to be continuous. The dimensions on the alley are so worn as to be illegible."
If the original map had been offered as evidence of the location and dimensions of the streets and alleys contained in the original dedication, it should have been admitted, unless it had been shown that a different map had been used in making sales of the plat. It is the map or copy which is exhibited to purchasers when sales are made that controls the rights of the parties and fixes the property lines and the limits of the dedication of highways. In the absence of proof to the contrary, it may be assumed that purchasers were governed by the lines as indicated in the original map. Under such circumstances, the original is the best evidence when it is available. Where there is no proof that the record, or a copy of the record, was used or relied on, such copy must be treated as only secondary evidence and is entitled to no more weight than the copy which was actually used in making sales.
It is true that it will be presumed that the recorded plat shows a correct description of the lines and dimensions of the streets and alleys. But that presumption is not, under all circumstances, conclusive upon the interested parties. The record, if erroneous, is conclusive only when it appears that parties have acquired rights in reliance upon the record. If in this instance the dedicators sold the lots by a map showing all the alleys to be 20 feet wide and the streets located accordingly, the purchasers could not claim any advantage by reason of a different dimension in the recorded map. That is true, because there is no evidence that the record itself was relied on by any purchaser. We are of opinion that the court committed reversible error in excluding the proffered copy of the map by which lots were actually sold.
Appellant also offered to prove certain declarations made by C. E. Brown, the man who made the original surveys and maps of the two additions for the Dallas Land Loan Company, as to the location of certain street lines and corners in the vicinity of Page street. This was objected to on the ground that such testimony was hearsay. It has been held by our courts that such declarations of the original surveyor should be treated as exceptions to the general rule which excludes hearsay testimony. Stroud v. Springfield, 28 Tex. 649; Russell v. Hunnicutt,8 S.W. 500, 70 Tex. 659; Simpson v. De Ramirez, 110 S.W. 149,50 Tex. Civ. App. 25.
We infer from the evidence that the property claimed by the appellee as having been unlawfully invaded by the city was not inclosed or otherwise actually occupied by him. Under such circumstances it devolved upon him, in order to show a trespass, to prove the proper location of the south line of Page street as established by the original dedication. That he has failed to do. While there is no complaint in the record of the insufficiency of the evidence, and we would not feel called upon to reverse the judgment upon that ground alone, we deem it proper to call attention to that fact in view of another trial. There was no proof sufficient to enable the court to determine at what point on the ground the south line of Page street should be located.
For the errors discussed, the judgment will be reversed and the cause remanded for another trial.