WM. CAMERON & CO., Inc., v. TAYLOR.
(No. 1340.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 21, 1926.)

1. Boundaries ⬅➡40(1)—Plaintiff held entitled to directed verdict in action of trespass to try title by location of trees in survey at point claimed by him.

In action of trespass to try title, undisputed evidence as to location of boundary by location of depressions of trees noted in survey of land, at point claimed by plaintiff *held* to entitle him to directed verdict.

2. Boundaries ⬅➡3(3)—Calls for course and distance yield to calls for artificial objects identified on ground.

Calls for course and distance are inferior to calls for artificial objects and when artificial objects are identified on ground, calls, as matter of law, yield to calls for artificial objects.

3. Adverse possession ⬅➡115(7)—Claim of land which defendant believed was within his boundaries raised issue of adverse possession, though land outside boundaries was not claimed.

Evidence that defendant, sued in trespass, claimed acres outside his boundaries, which he believed his boundaries included, raised issue whether claim had been in uninterrupted adverse possession, though he admitted on stand that he claimed nothing outside his boundaries.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by Wm. Cameron & Co., Inc., against J. E. Taylor. Judgment for defendant, and plaintiff appeals. Affirmed in part, and in part reversed and rendered.

Mantooth & Denman, of Lufkin, for appellant.

Fairchild & Redditt, of Lufkin, for appellee.

WALKER, J. This suit in form of trespass to try title involves the location of the boundary line between the J. F. Hill survey and a tract designated in the record as block 14 in Angelina county, Tex., and three acres claimed by appellee under his plea of limitation. The Hill tract and block 14 are both junior surveys to the A. J. Brazil, and called for the southeast corner of the Brazil survey as their respective beginning corners. The J. F. Hill lies north of block 14, and appellee claims 100 acres off the east end of that tract. Appellant owns block 14. Except as to the 3 acres claimed by limitation, both parties agree that the result of this suit must rest on the proper location on the ground of the southeast corner of the Brazil. The field notes of the Brazil at that corner call for certain bearing trees. A former owner of that survey, old settlers, and many surveyors testified that these bearing trees were actually located on the ground at the point claimed by appellant, and, though they were not in existence at the time the case was tried, depressions were identified on the ground by surveyors as being the locations of these trees. Many of these witnesses testified that they had seen the trees at the point called for in the field notes, being the point claimed by appellant as the southeast corner of the Brazil. No witness attempted to locate these trees at any other point. The northeast corner of the Brazil was without dispute, as was also the southwest corner. The trouble in the location grew out of the fact of a shortage of more than 100 varas in the east line of the Brazil and a shortage of about 60 acres in area in the Brazil 160 acres. Both of these discrepancies were fully explained by the former owner. He said that when his father pre-empted the Brazil, the surveyor used a chain out of which several links had been lost, but that fact was not known to the surveyor until after he had made his work and reported his field notes. He said his father knew of the shortage in the lines and the shortage in the area, and notwithstanding this fact always recognized the southeast corner of his land to be at the point claimed by appellant. As we understand appellee's statement, he relies primarily for the location of the southeast corner on an extension of the east boundary line from the recognized northeast corner on course and distance as called for in the field notes of that survey. At that point were found bearing trees and a corner, but not those called for in the Brazil field notes. The son of the original locator of the Brazil explained the extension of the line at this corner by saying that after his father discovered the shortage in his east boundary line, he had a surveyor go on the ground and extend his lines to the distance called for, but on the advice of a lawyer that he could not claim that extension, he abandoned all claim thereto.

Opinion.

[1] From the statement we have made of the case, it follows that the court erred in refusing appellant's requested motion, as follows:

"Plaintiff, Wm. Cameron & Co., Inc., respectfully moves the court to instruct the jury to return a verdict in favor of the plaintiff, Wm. Cameron & Co., Inc., less any number of acres, if any, you find for the defendant on his plea of limitation."

[2] Under the evidence offered no issue was made against the location of the southeast corner of the Brazil, as claimed by appellant. The location of the original bearing trees was clearly and fully identified on the ground as being at that point. The calls for course and distance are inferior to calls for artificial objects, and when the artificial objects are identified on the ground, as they are in this case, calls for course and distance must, as a matter of law, yield to the calls for the artificial objects. Therefore the court should have instructed the jury as a matter of law that the northwest corner of block 14 and the southeast corner of the Hill were located at the point claimed by appellant, and the dividing line of those two surveys should have begun at this point and run on the course and distance called for in their respective field notes. Since there was no dispute as to the location of the northeast corner of block 14 and the southeast corner of the Hill, no difficulty arises in locating this boundary line.

[3] Appellant also assigns error against the jury's verdict on the issue of ten years' limitation. This assignment is overruled. The evidence raises the issue that appellee and those under whom he claims have been in uninterrupted adverse possession of the three acres for more than 20 years. Appellant says that this holding was not adverse, since appellee admitted on the stand he claims nothing outside of his boundaries, and since, as a matter of law, his boundaries did not include this three acres, he cannot recover. Appellee did testify to that fact, but he also testified that he believed his boundaries did include this three acres, and that, in fact, he claimed this three acres as his property. And while he said he claimed nothing outside of his boundaries, the issue was clearly raised that in fact he did claim this actual three acres.

For the reasons given, the verdict of the jury establishing the southeast corner of the Brazil at the point claimed by appellee is reversed, and we here enter judgment fixing this corner at the point claimed by appellant. The judgment of the court awarding appellee the three acres under his plea of limitation is affirmed.

Affirmed in part, and in part reversed and rendered.