Owen B. WOOD et al., Appellants,

v.

Mrs. Ollie STONE et al., Appellees.

No. 13910.

Court of Civil Appeals of Texas.

Houston.

May 24, 1962.

Rehearing Denied June 14, 1962.

Second Motion For Rehearing Denied
July 12, 1962.

L. D. Gilmer, Williams, Lee & Lee, Jesse J. Lee, Houston, for appellants, Owen B. Wood and John P. Klep.

Will Wilson, Atty. Gen., Milton Richardson, Asst. Atty. Gen., Austin, for appellant, State.

Wm. N. Bonner and H. Fletcher Brown, Houston, for appellees.

COLEMAN, Justice.

This is a suit in trespass to try title. The question to be determined is whether or not the W. S. Hunt Survey in Harris County is public school land occupying a vacancy between the Engelbert Ruhl and the Joseph Dunman Surveys. The land involved is a tract 77 by 630 varas containing 8½ acres. The jury found the west line of the E. Ruhl Survey to be the same as the east line of the Joseph Dunman Survey. The court rendered judgment that the State of Texas and their mineral lessees Owen B. Wood and John P. Klep, d/b/a Wood, Klep and Company, take nothing; that the title claimed by them be vested in appellees; and that the cross-action of certain appellees be dismissed.

Appellants contend that as a matter of law they are entitled to judgment for title to the land in controversy. The E. Ruhl Survey was surveyed in 1860 and patented in 1862. It adjoined no survey to the west.

The Joseph Dunman was surveyed in 1871. Originally this suit was brought by: Mrs. Ollie Stone, a widow; Mrs. Iva A. Daniel, a widow; Mrs. Avy Lee McGarr, joined pro forma by her husband, J. Paul McGarr; Mrs. Letitia Lee Shaver, a widow; Mrs. Leander Walker, a widow; W. O. Davis, a widower and sole heir of Ima N. Lee Davis; Ura Lee Clarke, a widow, Elma Eissler, a feme sole; and Jean Bruening, joined pro forma by her husband, Dr. Paul H. Bruening; and Mrs. Mae Ussery, a widow, being children of Susan Lee Fields, deceased; Ida Lee Fields, joined pro forma by her husband, C. R. L. Fields; J. B. Lee, and Mrs. Ada Louise Lee Meyer, joined pro forma by her husband, C. F. Meyer, only surviving children of J. B. Lee, deceased; and Traders Oil Company, of Houston, a Delaware corporation, with a permit to do business in Texas; and McAlester Fuel Company, a Delaware corporation, with a permit to transact business in Texas. After Wood and Klep answered and filed their cross-action, the original plaintiffs dismissed their petition and filed an answer and cross-action. The State of Texas filed a plea in intervention. Additional parties were impleaded by the State of Texas and Wood, Klep and Company.

The jury in answer to Special Issue No. 1 found that the most westerly west line of the E. Ruhl for its length of 630 varas and the east line of the Joseph Dunman for this distance is a common line.

■ The State of Texas, and its mineral lessees, appellants, were plaintiffs in the trial court. The burden of proof on the whole case rested on them. A prima facie case was established when the State introduced its pleadings. The burden then rested on appellees to show that the specific land involved in this suit has been segregated from the public domain by grant or purchase, that is, a grant from the State, and that the land in question lies within the boundaries defined in such grant. Producer's Oil Co. v. State, 213 S.W. 349, Tex.Civ.App.

■ Copies of the original field notes of the J. Dunman, the E. Ruhl, and the W. S. Hunt Surveys were introduced into evidence. The E. Ruhl is the senior survey. The J. Dunman does not call for an adjoinder with the E. Ruhl, nor does it call for any natural or artificial object referred to in the field notes of the E. Ruhl. The W. S. Hunt Survey, the validity of which is the question to be determined by this suit, calls for adjoinder with both the E. Ruhl and the J. Dunman. Since we cannot determine from a study of the field notes that the land in dispute is included in either the E. Ruhl or the J. Dunman, the burden remained on appellees to show that one or the other of the grants as marked on the land by the original surveyor included the land in question. Producer's Oil Co. v. State, supra. The land in question adjoins, but is not included within, the bounds of the J. Dunman Survey as it is presently marked on the ground and occupied.

The field notes of the E. Ruhl Survey begin at its northeast corner in the south line of the Robert Dunman Survey. Its lines run west with the Dunman south line to the east line of the James Strange Survey and then south to the Strange southeast corner. There is no substantial controversy about the ground location of these three corners. From the Strange southeast corner the line runs west with the south line of the Strange 400 varas to corner in prairie, "from which a pine 18 ins. diam. mkd. R brs. N. 42° E 90 vs. dist." The line then goes South 630 varas to corner in the prairie, thence East 844 varas to corner on the East boundary line of A. May's Labor, and then North 855 varas along the May's line to the place of beginning. The witness tree at the Strange southeast corner cannot be located. No object is called for at the southwest corner of the Ruhl.

A copy of a map which appellants have attached to their brief to illustrate their contentions is inserted in order that the opinion may be more easily followed.

Appellees contend that they have established the west line of the Ruhl as being adjacent to the J. Dunman by certain maps, which show a common boundary line, and by the field notes of the H. E. & W. T. R. R. Survey, Sect. 6, which places the southwest corner of the Ruhl in the east line of the J. Dunman.

These well established rules of law must be considered in the disposition of this case. Johnson v. Archibald, 78 Tex. 96, 14 S.W. 266, held:

"If the calls in a grant when applied to the land correspond with each other, parol evidence is not admissible to vary them, by showing that in point of fact they are not the calls of the survey as actually made. But if when so applied they disclose a latent ambiguity,—that is to say, if they conflict with each other,—then extrinsic evidence may be resorted to in order to determine the conflict and to show the land actually intended to be embraced by the calls of the survey."

Essentially the same rule was applied in the case of Thompson v. Langdon, 87 Tex. 254, 28 S.W. 931, where the court said:

"The lines of a grant must be established by the calls in its field notes. If those calls are inconsistent, then certain rules of construction and mere parol evidence may be resorted to in order to resolve the doubt and to establish the line which was actually run by the surveyor. It is but a case of a latent ambiguity in a written instrument. A writing unambiguous upon its face may become doubtful when applied to the subject-matter of the description. On the other hand, if there be no conflict in the calls found in the field notes of a survey, there is no room for construction, and the calls must speak for themselves. To permit the introduction of parol evidence to vary the calls would be to violate the familiar rule that extraneous evidence is not permissible to vary a written instrument."

In Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629, opinion adopted, the court quoted from Davis v. George, 104 Tex. 106, 134 S.W. 326, and said:

"It is to be observed, however, as held in the authority last cited, and in many others, that parol evidence is admissible to show where, on the ground a survey was actually made, when the calls in the field notes or deed are conflicting or ambiguous, or when the effort to apply the description to the ground gives rise to ambiguity. Hughes v. Sandal, 25 Tex. 162, 164; Thompson v. Langdon, 87 Tex. 254, 258, 28 S.W. 931, 935; Johnson v. Archibald, 78 Tex. 96, 102, 14 S.W. 266, 22 Am.St.Rep. 27; Wilson v. Giraud, 111 Tex. 253, 263, 231 S.W. 1074, 1078. The purpose of admitting the parol evidence under such circumstances 'is not to override that which is written, but to properly interpret it.' Wilson v. Giraud, supra."

In that case the court held that conflicts and ambiguities were developed when the field notes contained in the deed were applied to the ground:

"Uncertainty arises as to the location of the east line of the tract described in the field notes when the distance from the southwest corner to the line of the railroad right of way, as to the location of which there is no dispute, is found to be a little more than 700 feet instead of 952.38 feet as described in the field notes."

Another illustration of the application of the rule is found in Blake v. Pure Oil Co., 128 Tex. 536, 100 S.W.2d 1009, opinion adopted, where the court said:

"When the description in field notes or in a deed is both on its face and in its application to the ground clear and unambiguous, extrinsic or parol evidence may not be resorted to for the purpose of showing that the surveyor actually ran a line of the survey at a different place from that de-

scribed in the field notes or deed. Davis v. George, 104 Tex. 106, 134 S.W. 326. But parol evidence is admissible to show where on the ground a survey or a line of a survey was actually made, when the calls in the field notes or deed are conflicting or ambiguous, or when the effort to apply the description to the ground gives rise to ambiguity. Hughes v. Sandal, 25 Tex. 162, 164; Thompson v. Langdon, 87 Tex. 254, 258, 28 S.W. 931; Johnson v. Archibald, 78 Tex. 96, 102, 14 S.W. 266, 22 Am.St.Rep. 27; Wilson v. Giraud, 111 Tex. 253, 263, 231 S.W. 1074; Gill v. Peterson, 126 Tex. 216, 86 S.W. (2d) 629. The description in the deed conveying block 7 is not on its face ambiguous but, as has been shown, serious conflicts and irreconcilable ambiguities arise when effort is made to apply the description to the ground.

* * * * * *

"And the intention of the parties as to the land conveyed by a deed is to be deduced from the whole of the description contained in the deed, aided in this case (because ambiguities and conflicts arise upon the application of the description to the ground) by evidence of the footsteps of the surveyor. Blackwell v. Coleman County, [94 Tex. 216, 59 S.W. 530], supra; Davis v. George, 104 Tex. 106, 110, 134 S.W. 326; Gill v. Peterson, 226 Tex. 216, 222, 86 S.W. (2d) 629. * * *

"When the description in the deed is applied to the ground, it is found that the grantor has expressed in the deed conflicting intentions. One intention must be rejected and controlling effect given to another. The fact of mistake, if proven, and evidence as to the footsteps of the surveyor may serve, as we think they do here, to solve the problem."

In Texas Co. v. Foshee, Tex.Civ.App., 142 S.W.2d 603, writ ref., the court reversed and rendered the judgment of the

[redacted]

trial court and as a basis for this action sustained appellant's proposition reading:

"'Since the description in the Katherine Ryan lease places the south line of the land therein described in the center of the Longview-Tyler road and accurately and precisely describes the present road by calling for a straight line which fits the course of the present road, but entirely fails to describe the former road which was crooked and which did not follow even approximately the course called for, it can not be said that the description is ambiguous and subject to be explained by parol testimony, and the verdict and judgment locating the line in the center of the former road, based as they are on parol testimony varying and contradicting the field note description, are without support in the competent evidence and contrary to the undisputed, competent evidence.'"

[redacted] When the field notes of the E. Ruhl Survey were run out on the ground from the interior or re-entrant corner no material conflicts developed between the calls for course and distance and the calls for adjoinder with existing surveys. The area enclosed corresponded to the field note recitation. Since the bearing tree at the most westerly northwest corner has disappeared and cannot be located on the ground, the call for distance on that line is not ambiguous. Since no object was called for at the southwest corner, no ambiguity or conflict can arise as to its location on the ground. There is no dispute that if a survey of the E. Ruhl is run by course and distance beginning at the southeast corner of the James Strange Survey, which is the re-entrant corner of the E. Ruhl Survey, the west line of the E. Ruhl will not coincide at any point with the east line of the J. Dunman. The evidence shows that the re-entrant corner was located on the ground by a subsequent survey from the bearing tree called for in the field notes on which the patent of the E. Ruhl Survey was

granted. The rules announced in Johnson v. Archibald, supra, and Thompson v. Langdon, supra, are applicable under the facts of this case and parol evidence was not admissible to vary the terms of the grant or to create inconsistency in the calls of the survey which are complete within themselves.

■ Appellees alleged in the cross-action on which they went to trial that the land in dispute was part of the E. Ruhl Survey. Appellees may not dispute this judicial admission by contending that the land is in fact part of the J. Dunman Survey even though their cross-action was dismissed by the judgment of the trial court. Ed S. Hughes Co. v. Clark Bros. Co., 63 S.W.2d 230, Tex.Civ.App.; McCormick and Ray, Texas Law of Evidence, Vol. 2, § 1144, n. 65.

■ However we cannot rest our decision solely on this judicial admission for the reason that the impleaded defendants did not join in the cross-action filed by the original plaintiffs and cross-defendants. None of the original corners of the J. Dunman Survey were located on the ground by competent evidence or are admitted. The beginning corner was designated as being a stake in the south line of the James Strange 94 varas east of its southwest corner. The location of this corner has been the subject of dispute resulting in litigation. The plat of the W. S. Hunt Survey prepared by J. S. Boyles and introduced into evidence by appellants shows the beginning corner of the J. Dunman to be 71 varas from the southwest corner of the J. Strange. The field notes of the Dunman indicate that an actual survey on the ground was made by J. J. Gillespie, who set stakes for the corners which he established. Parol evidence was admissible to show where these corners were marked on the ground. Gill v. Peterson, supra.

Appellees attempted to meet this burden by showing long established recognition of a common boundary line between the Dunman and the Ruhl. Appellees introduced the field notes of the H. E. & W. T. Survey No. 6 over the objection of appellants that the call for the southwest corner of the E. Ruhl in the east line of the J. Dunman was hearsay, opinion and conjecture. It was shown that the surveyor, J. J. Gillespie, was one of Gregg's chain carriers when he surveyed the E. Ruhl in 1862 and that he surveyed the J. Dunman in 1871 and the H. E. & W. T. No. 6 in 1878. Appellees contend that the declaration is admissible as a statement of fact since Gillespie was in a position to know the truth of the statement, citing Russell v. Hunnicutt, 70 Tex. 657, 8 S.W. 500; Keystone Mills Co. v. Peach River Lumber Co., 96 S.W. 64, Tex. Civ.App., writ dism., Freeman v. Mahoney, 57 Tex. 621, and Moore v. Stewart, 7 S.W. 771, Tex.

■ The field notes of the E. Ruhl do not call for either a natural or an artificial marker at the southwest corner. Earlier when he surveyed the J. Dunman, Gillespie made no mention of finding either the northwest or the southwest corners of the E. Ruhl and did not call for an adjoinder. It is evident that he found no indication of a marker at the southwest corner of the E. Ruhl when he called for it as a corner of the H. E. & W. T. No. 6, since he set his own stake at that corner as is demonstrated by the field notes. Under the circumstances it cannot be presumed that the call for the corner of the E. Ruhl in the east line of the J. Dunman was based on his knowledge of the location of that corner as fixed on the ground by the original surveyor. Rather it would seem that the call was a mistake based on the fact that the original field note calls for the south line of the J. Strange equals the sum of the calls in the original field notes for the north line of the E. Ruhl from its re-entrant corner to its northwest corner and the field notes call for the north line of the J. Dunman. Taylor v. Higgins Oil & Fuel Co., 2 S.W.2d 288, Tex.Civ.App., writ dism.

■ Appellees rely on certain maps and plats showing a common boundary line for

the E. Ruhl and the J. Dunman Surveys. The plats contained on the transcribed field notes of these two surveys were admitted over the objection of appellants that they constituted hearsay since it was not shown when they were prepared or by whom; and further that they were prepared a number of years after the surveying was done and were not on the original field notes filed in the county surveyor's office. The plat of the E. Ruhl shows the J. Dunman and H. E. & W. T. No. 6 Surveys, and that of the J. Dunman shows the H. E. & W. T. No. 6, which demonstrates the truth of the contention of appellants that they were prepared many years after the original survey was filed. The plats contained no recitations of evidence found on the ground which would show the footsteps of the surveyor. Since the original field notes were in evidence, we think the admission into evidence of the transcribed field notes (containing the plats) was erroneous.

Appellees' exhibits D–1 and D–2 were certified copies of maps from the General Land Office. Each of these maps show a common boundary between the E. Ruhl and the J. Dunman. Neither of them reflected the position of any locative object called for in the field notes. Objection was made to their admission on the grounds that the maps were not shown to be correct; that they constituted hearsay; that they violated the best evidence rule; that they stated no facts, and merely constituted the opinions and conclusions of the maker. Appellees contend that they were properly admissible as ancient instrument from the Land Office files and that they had probative force as evidence of the recognition of a common line. It is argued that this recognition or reputation of a common line has probative force in that it is the best evidence available of the footsteps of the original surveyor.

■ Exhibit SI–10 introduced by appellants also shows such a common line, as does a plat attached to the field notes of the H. E. & W. T. Survey. It seems likely that all of these plats were based either on Gillespie's H. E. & W. T. field notes and plat or on the length of the south line call in the J. Strange field notes. We think under the evidence in this case that both the call in the field notes, and the plat, of the H. E. & W. T. Survey and the call for distance of the Strange south line were erroneous.

"The subsequently made maps and field notes in question and the calls therein show no factual information tying them to the original surveys in such a way as to render them admissible for the purpose of showing where the original surveys really placed the land. Such maps and field notes do not constitute evidence of probative force tending to locate the surveys, but are merely opinions and conclusions of the surveyor or draftsman. Whitmore v. McNally, Tex.Civ.App., 39 S.W.2d 633; Weatherly v. Jackson, 123 Tex. 213, 71 S.W.2d 259." Sanders v. Worthington, 349 S.W.2d 115, Tex. Civ.App.

See also State v. Ohio Oil Co., 173 S.W.2d 470, Tex.Civ.App.; Blackwell v. Coleman County, 94 Tex. 216, 59 S.W. 530.

■ In addition, we think all of the evidence in the record is consistent with the undisputed location of the presently recognized east line of the J. Dunman Survey on the ground, and that such line as located on the ground by the testimony in this case does not adjoin the west line of the E. Ruhl Survey as located from its re-entrant corner by course and distance. We, therefore, hold that the verdict of the jury is without support in the evidence.

■ The case of Kirby Lumber Co. v. Adams, 127 Tex. 376, 93 S.W.2d 382, opinion adopted, cites Taylor v. Higgins Oil & Fuel Co., supra, as setting out the proper rules to follow in the location of boundary lines. We think that case applicable here. There the court held:

"If the facts are not in dispute and the only question involved is the correct

application to the facts of well-known principles of law, tle location of the boundary is a question of law for the court, and a verdict should be instructed; that is, the court cannot weigh the evidence of one party against the other and find that one theory of the evidence is true and the other false, but, conceding the truth of the testimony, must determine its legal effect by the well-known principles of law governing boundary suits. Cameron & Co. v. Taylor (Tex.Civ.App.) 288 S.W. 268."

When the proper principles of law are applied to the facts of this case, we think appellees failed to show that the land in controversy lies within the J. Dunman Survey by tracing the footsteps of the surveyor. The west line of the E. Ruhl Survey must be located by course and distance from the re-entrant corner. Therefore the W. S. Hunt Survey is located as contended by appellants and does not conflict with any senior survey.

■ Testimony which has no probative force cannot form the basis of a finding of fact by the appellate court even though admitted without objection. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533.

■ Appellees have assigned as error the refusal of the court to admit testimony of Herbert Williams concerning the recognition by residents of a common boundary line between the Ruhl and the Dunman. His testimony is that the Ruhl west line extends to the Dunman east line along the ditch as it is now occupied on the ground and that his father, now deceased, told him that there was a common line at the road (which through erosion became the present ditch). He also testified that other people living in the vicinity always recognized that line as a common line. Since this testimony would not tend to extend the boundary of the Dunman to include the land in question, it would not be admissible in this case as against the State of Texas.

State v. Talkington, 274 S.W. 314, Tex.Civ. App., writ dism.; Proctor v. Markham, 271 S.W.2d 685, Tex.Civ.App., ref., n.r.e.; Weatherly v. Jackson, 123 Tex. 213, 71 S. W.2d 259; Humble Oil & Refining Co. v. State, 162 S.W.2d 119, Tex.Civ.App., writ ref.

While appellees have presented a thorough brief and able arguments, we think this opinion should not be extended to the length which would be necessary to discuss and point out facts distinguishing the many cases relied on by them. The principal distinguishing factors have been pointed out in the course of the opinion.

The judgment of the trial court is reversed and rendered.

## On Motion for Rehearing

■ Appellees have pointed out that in our original opinion we made no mention of the case of State v. Gulf Oil Corporation, Tex.Civ.App., 264 S.W.2d 743, writ ref., n.r.e., in which the court points out that parol evidence is always admissible to locate the monuments called for in the field notes and that where, after a long lapse of time, corner markers, natural or artificial, have disappeared, necessity requires that we resort to any evidence tending to establish the place of the original footsteps of the surveyor which meets the requirement that it is the best evidence of which the case is susceptible. This case was carefully considered by this Court, and our decision is not considered to be in conflict with it. There was no evidence offered, eye witness, opinion or recognition, which would be direct evidence of the location of the witness tree at the most westerly northwest corner of the E. Ruhl. No marker for the southwest corner was called for by the field notes. The maps introduced into evidence showing a common line between the E. Ruhl and the J. Dunman constitute no evidence of the location of the witness tree at the northwest corner of the E. Ruhl. In our original opinion we discussed the call in the field notes of the H. E. & W. T. #6 for

the unmarked southwest corner of the E. Ruhl in the east line of the J. Dunman. This recitation is purely a conclusion of the surveyor since a presumption that he knew where the corner was located must be based on a presumption that evidence of the corner existed on the ground which was not recited in the field notes. The only other evidence which would tend to locate the Ruhl west line on the ground was the excluded testimony of Herbert Williams of long recognition of a common boundary line by people living in the area. We think this testimony inadmissible to create a conflict on authority of the cases cited in our original opinion. To create a conflict in the field notes there must be evidence that calls for course and distance are not consistent with monuments called for, or result in conflicts with senior surveys called for, in the field notes. The best evidence of the footsteps of the surveyor produced in this case is the corners established by surveyors who followed the courses and distances called for by the original surveyor in his field notes.

The motion for rehearing is overruled.