Candelario S. RODRIGUEZ, Appellant,

v.

Manuel FLORES, Appellee.

No. 14478.

Court of Civil Appeals of Texas.

San Antonio.

May 11, 1966.

Mann, Cronfel & Mann, Tom Goodwin, Laredo, for appellant.

Robert O'Conor, Jr., Nat B. King, Laredo, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the 111th District Court of Webb County, Texas, by Manuel Flores against Candelario S. Rodriguez, seeking to recover a narrow parcel of land lying between Lots 9 and 10 in Block 37, Western Division of the City of Laredo. The parties stipulated that Manuel Flores owned all of Lot 9 and that Candelario S. Rodriguez owned all of adjoining Lot 10; that the only issue before the court was the location of the true boundary line between the two lots.

The trial was before the court without the intervention of a jury and resulted in a judgment favorable to Flores. Rodriguez prosecuted an appeal which was filed in this Court on December 23, 1965. Thereafter, on January 31, 1966, while the case was pending in this Court, a motion made by Manuel Flores was granted by the trial court and judgment nunc pro tunc was entered as of November 22, 1965.

Appellant's first point is to the effect that the court erred in rendering judgment for Flores for title and possession of Lot 9, by metes and bounds, because there is no evidence to support the judgment or the

metes and bounds description recited therein, or in any event it is insufficient, or against the great weight and preponderance of the evidence.

■ This suit having been instituted by Manuel Flores, the owner of Lot 9, against Candelario S. Rodriguez, the owner of Lot 10, to determine the location on the ground of the common boundary line between their two adjacent lots, the burden of proof was upon Flores to show by the preponderance of the evidence the location of such boundary line upon the ground. 9 Tex.Jur.2d, Boundaries, § 62, p. 554; Hill v. Collier, Tex.Civ.App., 135 S.W. 1084, 1086.

■ Flores placed upon the witness stand one Paul Garza, who was an engineer, not a surveyor, who testified that he made a survey of Lots 9 and 10, and made a plat showing the result of this survey. The plat states that no stakes, markers or monuments were established by such survey. Garza testified that to determine the width of the lots, he went to the records of the City Engineer, "the records of the Tax Offices of the City, Neel Abstract, and checked back into the records of that property before going out to the field and established what those distances should be and then measured on the field and established that these distances are there on the field." He began his survey from a pipe set in concrete which he believed to be the common corner of Lots 2, 3, 8 and 9, but he didn't know who put the pipe there or how it was located. So far as this record shows this was an unestablished point. Brown v. Eubank, Tex.Civ.App., 378 S.W.2d 707; Johnson v. Hill, Tex.Civ.App., 301 S.W.2d 239. Garza stated that he disregarded the monument for Block 37 because of statements of persons living in the area. No maps or field notes were introduced in evidence to locate the pipe which he used as a starting point for his survey. Under such circumstances, there is no evidence in the record fixing on the ground the true boundary line between Lots Nos. 9 and 10. Thomson v. Langdon, 87 Tex. 254, 28 S.W.

931; Wood v. Stone, Tex.Civ.App., 359 S.W.2d 68; Humble Oil & Refining Co. v. State, Tex.Civ.App., 162 S.W.2d 119; State v. Ohio Oil Co., Tex.Civ.App., 173 S.W.2d 470.

There was introduced in evidence a letter reading as follows:

"LAREDO, TEXAS        Nov 1961

LEO A NETZER EXECUTOR
Estate of A E Netzer
1314–16 Iturbide St
Laredo, Texas

With reference to Lot 10 Block 37, WD., which I recently purchased, I have fenced in this lot and have extended the South Fence eastward to include a strip of your Lot 9 for convenience and economy only. This fence has a gate with locks and at any time that you wish entrance or access to your strip, a key will be available to you at my place of business or residence 1317–19 Iturbide.

If at any time you find it more desirable to have a gate over the strip I shall be glad to install it, or if necessary will remove. I hope you will permit the fence as no inconvenience to you is intended.

Yours very truly,
C. S. RODRIGUEZ"

■ This letter does not in any way help to fix the true boundary line between Lots 9 and 10. It is an acknowledgment by Rodriguez that by extending his fence to the building on Lot 9 he has taken in part of Lot 9 not belonging to him, but this strip may be from one inch to ten feet wide so far as this letter shows.

We do not find it necessary to pass upon the validity of the nunc pro tunc judgment, as the evidence is insufficient to support either judgment.

It is important that the true boundary line between Lots 9 and 10 be established, neighbors need to know where their boundaries are located. Accordingly the judgment of the trial court is reversed and the cause remanded for a new trial.