## J. D. Runkle v. H. M. Smith.

Decided January 11, 1911.

**1.—Boundaries—Descriptive and Locative Calls.**

A call to cross a creek at a certain distance in running a line of a survey is a descriptive and not a locative one, and is of no higher dignity than a call for course and distance.

**2.—Same—Charge.**

A charge as to the respective dignity of calls for natural and artificial landmarks and those for course and distance may be improper and misleading where the former, so far as identified on the ground, are merely descriptive and not locative calls; and in such case it was error to refuse a requested instruction permitting the jury to locate the line by the calls for course and distance if they believed that the true line as surveyed could be more certainly ascertained by that method.

3.—Boundaries—Evidence—Landmarks.

Evidence that, at a certain point which one of the parties to a dispute as to boundary claimed to be a corner of the survey, a rock pile was to be found fifteen years after the making of the survey, the same not being called for in the field notes and there being no evidence as to when or by whom it was made, was inadmissible to establish the boundary at that point.

4.—Boundary—Evidence—Estoppel—Admission.

Proof of the fact that a party to a controversy as to boundaries, when sued by his adversary to establish the latter's claim, agreed to concede it on the suit being dismissed at plaintiff's cost, which was done, whether amounting to an estoppel or not, was receivable in evidence as an admission by the party so conceding the other's rights that the true line was such as his adversary claimed.

Appeal from the District Court of Comanche County. Tried below before Hon. J. H. Arnold.

*G. E. Smith* and *J. P. Graham,* for appellant.—On relative dignity of calls and charges thereon: Bingham v. McDowell, 69 Texas, 98; Jones v. Andrews, 72 Texas, 18; Sanborn v. Gunter, 84 Texas, 273.

On estoppel: Garrett v. McLain, 18 Texas Civ. App., 245; 11 Am. & Eng. Ency. of Law (2d ed.), 426, and notes 1, 2; Current Law, vol. 9, sec. 4, p. 1219, vol. 7, p. 1498; Bigelow on Estoppel (5th ed.), p. 390.

*Callaway & Callaway,* for appellee.

JENKINS, ASSOCIATE JUSTICE.—This is a suit to establish the boundary line between the Lampasas County school land and a quarter section on the east thereof. The Lampasas County school land is the prior survey, having been made in 1857. The quarter section referred to calls for the east line of said survey. The field notes of the Lampasas County school land survey are as follows: "Beginning at a stake on the northeast boundary line of survey for Singleton Thompson No. 9, from which the N. E. corner of said Thompson survey bears E. 1548 vrs; thence N. at 3200 vrs a creek, at 3800 vrs. a stake; thence W. at 4152 vrs a stake, from which a B. J. brs. N. 27 W. 9 vrs; a P. O. brs S. 10 E. 39 vrs; thence N. 1187 vrs. a stake, from which a P. O. brs S. 2 W. 12 vrs; a P. O. brs. N. 79 W. 10 vrs; thence W. 2375 vrs stake, from which a B. J. brs. N. 74 E. 18 vrs. do. brs N. 35 W. 16 vrs; thence S. 2800 vrs branch, 3800 vrs. creek, 4987 vrs. stake; thence east 6527 vrs to beginning." It will be observed that no bearing trees are called for at the beginning, nor at the second nor at the sixth corner, the first and sixth corners being respectively the southeast and southwest corners. There is no evidence in the case as to whether or not the corners which call for bearing trees can be located by the bearings called for. Two lines have been run for the east line of the Lampasas County school league survey, one called in the record the Holman line and the other the Bucy line. These lines were run by surveyors of these names a few years ago. The jury found that the Holman line was the true line as claimed by appellee, who was plaintiff in the court below. There does not seem to be any question as to the true location of the northeast

corner of said Singleton Thompson survey. Beginning at this corner
and running thence west 1548 vrs. for the beginning corner of the
Lampasas County school land, will place the corner where Bucy placed
it, and west of where Holman placed it. In running the line as Hol-
man ran it, a creek or branch is reached at about the distance called
for in the field notes of the Lampasas County school land. In running
the line as Bucy ran it, it is some distance farther to a creek. · The
evidence is not certain as to this point, but the excess in distance is
shown to be from 10 to 100 vrs. These are not the same creeks or
branches. Each of them is perhaps more properly described as a dry
branch.

Appellant assigns as error the refusal of the court to give the fol-
lowing special charge: "On the question of the relative importance
and dignity of calls mentioned in the court's main charge above given
you, I give you the following additional charge on this issue, which you
will consider in connection with the main charge: If you believe from
the facts and circumstances in this case that the true location of the
east boundary line of the one league Lampasas County survey as orig-
inally ran or established, can be more certainly found or its locality
determined by running the courses and distances called for in the field
notes from such corner or corners, if any, as are established on the
ground, if any, than by observing the calls for natural or artificial
objects, if any, then, if you so believe, it will be your duty to locate
the said east boundary line by observing calls for course and distance,
if any, rather than by observing calls, if any, for natural or artificial
objects."

The court in its main charge instructed the jury as follows:

"If from the evidence the lines, corners or distances are uncertain,
or there are contradictory or uncertain calls in the field notes of said
survey, as applied to the evidence, if any, found on the ground, so that
the facts, if any, actually found, on the ground can not be reconciled
with each other or the field notes, then you will in their order give
effect to these calls that in law are considered most certain and most
liable to lead to a satisfactory and just conclusion, and to enable the
jury to determine with the greatest certainty the true location of the
land, towit: (A) Calls for natural objects, such as streams, springs,
mountains and the like, if any, actually found upon the ground as
called for will ordinarily control other calls that it will ordinarily be
given greater effect. (B) Artificial objects, such as marked lines,
established corners and the like, actually found on the ground, if any,
will ordinarily control calls for either course or distance. (C) The
course as called for in the field notes will ordinarily control and be
given greater effect than distance as called for. (5) The beginning
corner of a survey, as stated in the field notes, is not entitled to any
greater consideration than any other corner, neither is the order in
which the lines were run, as stated in the field notes, ordinarily of any
consequence, reversing the courses, or beginning at some other corner
is equally lawful. (6) The object and purpose of all the rules being

to enable the jury to determine the true location of the survey, and to determine and establish the lines and corners as they were originally located and established by the surveyor on the ground, if they were so established, and when their application as above given leads to contradictory results or uncertainty or confusion, then the rule should be adopted which on the whole leads to the greatest certainty in determining the true location of the land as it was originally located on the ground. (7) Now bearing carefully in mind the foregoing rules of law, you will from the evidence locate and determine the true location of the east boundary line of the Lampasas school land survey as the same was originally located on the ground."

These general rules have usually been given in boundary suits since the days of Stafford v. King, 30 Texas, 257, 94 Am. Dec., 304, and, in a proper case, they are sufficient. It is not necessary, however, that they should be given in cases where they have no application to the facts, and it might be error so to do. For instance, in this case, there is no evidence as to any natural object called for in the field notes as a locative call being found on the ground. The creek called for in the first line is a descriptive and not a locative call, and is not of higher dignity than a call for course and distance. Jones v. Andrews, 72 Texas, 18, 9 S. W., 173-174.

Nor is there any evidence as to any artificial objects called for in the grant, such as marked lines, established corners or bearing trees being found on the ground. There is no evidence that either of the surveyors ran from any other than the beginning corner of the Lampasas County grant, and the instruction as to the comparative dignity of the beginning corner and as to reversing calls, was not called for by the facts of the case. However, no complaint is made as to the instruction given, but the assignment of error is as to the instruction refused. The facts of the case called for the requested instruction as pertinently presenting defendant's theory of the case, and it was error to refuse the same. Bingham v. McDowell, 69 Texas, 98, 7 S. W., 316; Jones v. Andrews, supra; Sanborn v. Gunter, 84 Texas, 273, 17 S. W., 121.

Appellant also assigns as error the action of the court in permitting the witness Dewey to testify that he saw a rock pile in 1872, and for some years subsequent thereto, at the north end of the line as run by Holman. We think this assignment well taken. It was the evident purpose of appellee to have the jury believe that this rock pile was made at said place for the northeast corner of the Lampasas County school land, otherwise it would have been wholly irrelevant and immaterial. If it was made there for that purpose, it is wholly irrelevant and immaterial, unless it was placed there by the surveyor who made the original survey, or by someone who knew that it was at the corner of said survey. There is no evidence as to how this rock pile got there. It is not called for in the original field notes. It was seen by Dewey first in 1872, but the Lampasas County school land survey was made in 1857.

Appellant complains of the action of the court in refusing to allow certain evidence offered by him, the purpose of which was to estop appellee on account of an agreed line. On the former appeal of this case (114 S. W., 865), the Court of Appeals of the Second District held that the question of estoppel was not in the case.

Appellant makes a second proposition under this assignment to the effect that this evidence was admissible as tending to show the true location of the line. The answer to this is that it is explicitly stated in the bill that it was offered only upon the ground of estoppel. The court was not called upon to rule upon the admissibility of said evidence as being offered upon another ground. Had the appellant offered this evidence as tending to show the true location of the line, we think it would have been admissible. The evidence offered was that appellee, being in possession of the land now claimed by him, and claiming the same under purchase from the State, and appellant being in possession of the land now claimed by him, appellant brought suit against appellee to establish the boundary line now in controversy, and that appellee stated to appellant he did not claim the land now in controversy, and would acknowledge the line to be where appellant now claims it, if appellant would dismiss the suit and pay the costs, and appellant did dismiss said suit and pay the costs therein; and that appellee acquiesced in said line from the time said agreement was made in 1891 until he forfeited said quarter section in 1896. The grounds upon which it was held that appellee was not estopped by this action are set forth in the former opinion above referred to. Every man is presumed to know the location of his land lines; and while he may not be estopped in a particular case by acknowledging the location of such lines, or by acquiescence therein, still, it is a circumstance, and often of great weight, in determining the true location of such lines. Floyd v. Rice, 28 Texas, 343; Bohny v. Petty, 81 Texas, 528, 17 S. W., 80.

For the errors above indicated, this case is reversed and remanded.

*Reversed and remanded.*