T. H. GILL ET AL. V. J. N. PETERSON.

No. 6354. Decided October 16, 1935.
Rehearing overruled November 6, 1935.
(86 S. W., 2d Series, 629.)

T. A. Bath, of Henderson, and *Carey M. Abney,* of Marshall, for plaintiffs in error.

It was error to disregard the line as run by the surveyor and marked upon the ground and hold that the deed conveyed land situated outside the boundaries as surveyed upon the ground and recognized by the parties. Bolton v. Lann, 16 Texas, 96; Fulton v. Frandolig, 63 Texas, 330; Blackwell v. Coleman County, 94 Texas, 216; 7 Texas Jur., 149.

*Smith & West,* of Henderson, for defendant in error.

Objects and monuments marked by the surveyor in making

a private survey which are not called for in the deed or which are of doubtful identity, cannot be looked to in establishing boundaries and construing ambiguous description in deeds, nor should they be permitted to override course and distance, especially where observance of the latter more accurately represents the intention of the parties as shown by undisputed evidence. Anderson v. Stamps, 19 Texas, 465; Hays v. Clawson, 286 S. W., 857; Holland v. Nimitz, 111 Texas, 419, 239 S. W. 185; 7 Texas Jur., 234.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The controversy is as to the true location of the east boundary line of a tract of land described by the deed as containing 38 acres, and being a part of the R. W. Smith H. R. Survey in Rusk County, which was conveyed by plaintiffs in error T. H. Gill and wife to C. R. Flourey on January 13, 1922, and conveyed by Flourey to defendant in error J. N. Peterson on February 1, 1922. Plaintiffs in error contend that the disputed line is at the place where a line was surveyed and marked by John Choice, a surveyor, a very short time before the deed from Gill to Flourey was executed, while defendant in error contends that the line in controversy is about 229 feet farther east than the Choice line. The trial court's judgment in favor of plaintiffs in error was reversed and judgment rendered for defendant in error by the Court of Civil Appeals. 51 S. W. (2d) 1057.

The material facts appearing in the trial court's findings and in the undisputed evidence are in substance as follows:

Gill, being the owner of a tract of land supposed to contain 131 acres in the Smith Survey, agreed to sell and convey to Flourey at an agreed price per acre 38 acres off the west side of said tract and lying north of the I. & G. N. railroad. Choice was procured to survey and mark the lines and corners of the tract to be conveyed. Accompanied by Gill and Flourey, Choice made the survey, beginning at the undisputed northwest corner of the 131-acre tract. He ran thence in a southerly direction on or near a fence line a distance of 23 chains (1518 feet) according to the field notes which he prepared to be incorporated in the deed. From that point he ran on a course of south 84° 40' east as found by the trial court, south 85° east as described in the field notes, a distance of about 713 feet to the railroad right-of-way. The length of this line is erroneously described in the

field notes as being 14 chains and 43 links (952.38 feet). If given such length the line would have entered the railroad right-of-way and crossed the track. From the first corner on the right-of-way Choice ran along the right-of-way a distance of 3 chains and 50 links (231 feet) for another corner, and thence ran in a northerly direction a distance of about 1446 feet to a point in an old road for the northeast corner of his survey. He did not run the north line of his survey, but calculated its length to be 17 chains (1122 feet). The actual distance between his northeast corner and his northwest or beginning corner is 899 feet. Choice marked bearing trees for all of the corners of his survey, and described all of them in the field notes except the tree at his northeast corner. None of the bearing trees marked by Choice except the one at his northeast corner is standing, and the location of the missing bearing trees is not established with certainty.

The east line as actually run by Choice is definitely fixed and marked on the ground by hacks on a number of line trees, as well as by a marked sweet gum tree at the north end of the line, and its location as thus marked is proven beyond question by the testimony of Flourey and of plaintiff in error T. H. Gill, who were present when the land was surveyed and marked.

The tract of land as surveyed on the ground by Choice contains but 31 and a fraction acres instead of 38 acres. This shortage was apparently caused by a mistake made by the surveyor in measuring the south line, as the field notes which be prepared describe the length of this line running easterly from the southwest corner to the railroad right-of-way to be 952.38 feet, whereas the actual length of the line on the ground is 713 feet.

The deed executed by Gill to Flourey was prepared immediately after the survey was made, being written to conform to the survey as the parties understood it, and containing field notes prepared by the surveyor. The description of the land conveyed as appearing in the deed is as follows:

"Beginning at the N. W. corner of the Gill home, witness Gum:

"Thence S. 23 chains to corner, witness Pin Oak E. 3 ft.;

"Thence S. 85 E. 14 chains 43 links to Right of Way of I. & G. N. Rail Road;

"Thence witness Gum N. 85 W. 6 ft.;

"Thence N. 57 E. with said Right of Way 3 chains 50 links to stake, witness Water Oak S. 57 W. 6 yds.;

"Thence N. 21 chains 50 links to corner in road;

"Thence with road 17 chains to place of beginning, containing 38 acres."

The same description appears in the deed made by Flourey to defendant in error Peterson.

Defendant in error Peterson testified: that immediately after he bought the land he built, with the assistance of Gill, a fence for the purpose of separating his land from Gill's land; that this fence was built on the line surveyed and marked by Choice; that he and Gill agreed upon the line as thus fenced, believing it to be the true line; and that they acquiesced in it from that time until a short time before this suit was filed. The trial court found that Gill and Flourey agreed upon this line as the dividing line between their lands, and that after Flourey sold to Peterson, Gill and Peterson agreed upon it as the boundary line between their lands. The Court of Civil Appeals held that these findings as to agreed boundary were not warranted by the evidence.

The sole controversy herein is as to the true location of the east line of the tract of land conveyed by Gill to Flourey. Before the deed was made the parties caused a survey to be made, and in the making of the survey the east line was marked on the ground, and the location of the line as thus marked is established by undisputed evidence, including the testimony of the parties themselves. Immediately following the marking of the line the deed was made and in it the parties undoubtedly undertook and intended to describe the land which had been surveyed and marked. These facts plaintiffs in error urge as requiring the application of the rule that the footsteps of the surveyor, when satisfactorily found, control.

Defendant in error, conceding that the location of the east line of the tract surveyed and marked by Choice is established beyond dispute, takes the position that this line so marked is not controlling over a construction by course and distance reversing the calls from the undisputed northwest corner, because the one object on the east line called for in the field notes in the deed, the water oak bearing tree for the southeast corner, was not identified by the evidence, and because the trees shown to have been marked on the surveyed line, including the sweet gum tree marked as a corner tree for the northeast corner, were not mentioned in the field notes contained in the deed. His position is that the footsteps rule is to be disregarded because the deed does not contain de-

scriptive matter of the marked line which, when applied to the facts on the ground, will prove that the line described in the deed is the line marked by the surveyor.

■ Defendant in error in support of his position invokes a general rule of boundary law that the location of lines or corners of a survey may not be established or controlled by artificial objects or marks not called for in the field notes. Reast v. Donald, 84 Texas, 648, 19 S. W. 795; Runkle v. Smith, 63 Texas Civ. App., 549, 133 S. W., 745; State v. Talkington, 274 S. W., 314; 7 Texas Jur., p. 147, Sec. 24. But this is not an absolute or unqualified rule. In most of the cases where the rule has been applied there has been no evidence proving when or by whom the artificial object was placed or the mark made, nothing to connect satisfactorily the mark or object with the survey as originally made, or to establish its identity as an original monument or mark. The mark or object is of no probative value if the field notes or grant contain no description of it or no reference to it and there is no evidence directly connecting it with the work of the original surveyor. But, on the other hand, when it is clearly shown that the mark was made or the object placed by the surveyor at the time he made his survey and for the purpose of marking a line or corner, then the object or mark has probative value. In Reast v. Donald, supra, where it was held that a rock mound not called for in the field notes could not be regarded as an object indisputably fixing a corner of a survey because the rock mound was not called for in the field notes, the court carefully noted in its opinion that it did not appear when and by whom the rock mound was placed. Other authorities indicate that an object or mark not called for in the field notes is admissible to prove the location of a line or corner of a survey when such object or mark is "identified by the surveyor who made the survey, or by any other witness who was present with him at the time, as having been so placed to mark his footsteps." Bearden v. Schenecker, 240 S. W., 996, 999; Runkle v. Smith, 63 Texas Civ. App., 549, 133 S. W., 745; 7 Texas Jur., pp. 147-148, Sec. 24. The obvious reason for this qualification of the rule is that testimony of the surveyor who made the marks or of some other person who was present when they were made is direct and primarily evidence as to the place where the line of the surveyor was actually run.

■ Defendant in error further contends that to admit and give effect to parol evidence showing where Choice ran and

marked the east line of the tract to be conveyed by Gill to Flourey, when the marks made by the surveyor on that line which can now be identified are not referred to in the deed, would contradict and vary the description contained in the deed, and thus would violate the rule that extrinsic or parol evidence may not be resorted to for the purpose of showing that the surveyor actually ran a line of a survey at a different place from that described in the field notes or deed. The reason for this rule is that parol evidence "cannot make a deed convey land which it does not purpose to convey, nor prevent it from conveying that which it does clearly purport to convey." To admit such evidence would contradict or vary the writing. Davis v. George, 104 Texas, 106, 110, 134 S. W., 326.

It is to be observed, however, as held in the authority last cited, and in many others, that parol evidence is admissible to show where on the ground a survey was actually made, when the calls in the field notes or deed are conflicting or ambiguous, or *when the effort to apply the description to the ground gives rise to ambiguity.* Hughes v. Sandal, 25 Texas, 162, 164; Thompson v. Langdon, 87 Texas, 254, 258, 28 S. W., 931; Johnson v. Archibald, 78 Texas, 96, 102, 14 S. W., 266, 22 Am. St. Rep., 27; Wilson v. Giraud, 111 Texas, 253, 263, 231 S. W., 1074. The purpose of admitting the parol evidence under such circumstances "is not to override that which is written, but to properly interpret it." Wilson v. Giraud, supra.

The rule is thus stated by Chief Justice Gaines in Thompson v. Langdon, supra:

"The lines of a grant must be established by the calls in the field notes. If these calls are inconsistent, then certain rules of construction and even parol evidence may be resorted to *in order to resolve the doubt and to establish the line which was actually run by the surveyor.* It is but a case of a latent ambiguity in a written instrument. A writing, unambiguous upon its face, may become doubtful when applied to the subject matter of the description. On the other hand, if there be no conflict in the calls found in the field notes of a survey, there is no room for construction, and the calls must speak for themselves. To permit the introduction of parol evidence to vary the calls would be to violate the familiar rule, that extraneous evidence is not permissible to vary a written instrument." (Our italics.)

The evidence showing where Choice surveyed and marked the east line of the tract to be conveyed was properly admitted

by the trial court under the qualification above referred to of the rule excluding marks not described in the field notes, because it positively identified and proved the location of the marks made by the surveyor when he ran the line and was testimony of witnesses who were present when the marks were made.

This evidence was admissible under the second rule above discussed because conflicts and ambiguities are developed when effort is made to apply to the ground the field notes contained in the deed.

■ Uncertainty arises as to the location of the east line of the tract described in the field notes when the distance from the southwest corner to the line of the railroad right-of-way, as to the location of which there is no dispute, is found to be a little more than 700 feet instead of 952.38 feet as described in the field notes. The evidence showing where the survyor actually ran the east line and that the interested parties placed their division fence on the line as actually run and marked and acquiesced in it as the boundary line for nearly ten years, is admissible and important in solving the difficulty.

The theory presented by the surveyor, who testified for defendant in error, gives controlling effect to the call for distance between the northwest and the northeast corners, reversing the call and fixing the location of the northeast corner, and consequently of the east line, by course and distance from the undisputed northwest corner. The result of the application of this theory is that the east line as marked by the surveyor is wholly disregarded and that no line of the tract except the north line has the length called for in the field notes, the departures from the field note descriptions being in two of the lines more than 200 feet, in another line more than 100 feet, and in another 20 feet.

■ The theory is sought to be supported by two rules of construction, one that a survey may under certain circumstances be constructed by courses and distances from an undisputed corner, and the other that calls may be reversed when the field notes are shown to be ambiguous. The first of these rules is thus correctly stated in State v. Post, 169 S. W., 401, 406: "In the absence of natural or artificial marks called for in the field notes showing error in course or distance, and *in the absence of proof as to how surveys were actually made,* they must be run out course and distance from known corners with which they connect by their callings." (Our italics.)

We do not have in this cause an absence of proof as to how the east line was actually run. Moreover, these rules, like other rules for construction of grants and for ascertainment of boundaries, as has so often been said, are controlling only when under the facts of the particular case they best enable the courts to arrive at the intention of the parties.

■ It is true that the parties intended that the surveyor mark and the deed convey 38 acres. This, however, is an action in *trespass to try title* and not a suit for reformation, and the inquiry is not what the deed should convey, but what it did convey. The immediate intention of the parties when the deed was executed and delivered was that it should convey the land which had been surveyed and marked by Choice. They caused him to make the survey in order to ascertain certainly and to mark on the ground the land to be conveyed. They accompanied him on the survey and saw him mark the east line. They caused a deed to be prepared containing field notes made by Choice and describing as they understood it the land which he had surveyed. A short time later they built their division fence on the east line as the surveyor had marked it and acquiesced in this line for nearly ten years. In view of these facts the footsteps rule cannot be disregarded. Application of the other rules of construction to which reference has been made would defeat rather than make effective the intention of the parties.

There are no facts in evidence from which it could reasonably be inferred that the east line of the survey as marked by Choice was but a trial or preliminary line, or that after making a survey on the ground he abandoned it and undertook to prepare field notes describing a different tract from that which he had surveyed and marked.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court affirmed.

Opinion adopted by Supreme Court October 16, 1935.

Rehearing overruled November 6, 1935.