**FROST LUMBER INDUSTRIES, Inc., OF TEXAS, v. BRANTLEY et al.**

No. 3122.

Court of Civil Appeals of Texas. Beaumont.

Oct. 12, 1937.

Davis, Avery & Wallace, of Center, for appellant.

Sanders & McLeroy, of Center, for appellees.

O'QUINN, Justice.

This is a suit in trespass to try title. Frank Brantley, John Thomas Brantley, and Mrs. Bertha Brantley Townsend, joined pro forma by her husband, G. E. Townsend, sued the Frost Lumber Industries, Inc., a corporation, and the Frost Lumber Industries, Inc., of Texas, a corporation, to recover title to 326.94 acres of land, a portion of the Mannon Smith survey in Shelby and Panola counties, Tex. The plaintiffs sued as the only heirs

of T. F. Brantley, deceased; said Frank and John Thomas Brantley being children of T. F. Brantley, and Mrs. Bertha Brantley Townsend being the surviving wife of said T. F. Brantley, who subsequently married G. E. Townsend. They alleged that on January 1, 1935, they were the owners in fee-simple title of the 326.94 acres sued for, describing same by metes and bounds, as follows (omitting bearing trees): "Beginning at the S. E. cor. of the Mannon Smith Survey. Thence S. 60 W. along the Mannon Smith S. line 1405.8 vrs. to a stake at the S. E. cor. of the G. W. Hanson 200 acre tract. Thence N. 30 W. along the Hanson E. line 1295 vrs. to a stake for cor. Thence N. 60 E. 1170 vrs. along an old marked line a stake on the West bank of the Sabine River. Thence with the meanders of the Sabine River (giving the courses and distances of the meanders) to the place of beginning, containing 326.94 acres." They also plead title to the land by the 3, 5, 10, and 25 years' statutes of limitations.

The defendant Frost Industries, Inc., filed a disclaimer to any part of the land in controversy.

The defendant Frost Lumber Industries, Inc., of Texas, answered by general demurrer, general denial, plea of not guilty, and pleas of 3, 5, and 25 years' statutes of limitations to what it denominated the north half of lot No. 2 in a partition suit between Elisha Morris and B. D. Holland, which said lot No. 2 it described by metes and bounds, containing 220 acres of land, averring that same was a part of the land described in the plaintiffs' petition.

The case was submitted to a jury upon special issues, all of which were answered in favor of the plaintiffs, and judgment was entered in their favor for all of the land described in their petition. Motion for a new trial was overruled, hence this appeal.

The land in controversy is a portion of the Mannon Smith league and labor survey situated partly in Shelby county, Tex., and partly in Panola county, Tex., granted to said Mannon Smith by the Republic of Texas, January 6, 1842. The patent to the land was in evidence, and shows the survey to be rectangular in shape, with the Sabine river its eastern boundary. It adjoins the Richard Haley survey on the north, and its field notes call to begin at the N. E. corner of the Haley on the west bank of the Sabine river, and to run S. 60 W. with Haley's north line. The 326.94 acres in suit are in the southeast portion of the Smith survey, with the Sabine river the eastern boundary.

Appellees base their claim to fee-simple title on a warranty deed from the First National Bank of Center, Tex., to T. F. Brantley, deceased, father of appellees Frank and John Thomas Brantley, and husband of appellee Bertha Brantley Townsend. This deed purports to convey 199 acres of land, more or less. It described the land conveyed thus: "All that certain tract of land situated in Shelby County, Texas, being a part of the Mannon Smith H. R. Survey near the town of Joaquin on the West bank of Sabine River, Beginning on the West bank of the Sabine River at the S. E. corner of the Mannon Smith League; Thence S. 60 W. 911 vrs. to a sweet gum marked H water oak marked X; thence N. 23 W. 1295 varas to a stake; Thence N. 60 E. 1111 vrs. to a stake on bank of Sabine River 2 pines marked XX Thence down said river S. 10 E. with its meanders 1209 vrs. to the beginning, containing 199 acres more or less." This deed was filed for record on January 7, 1904.

▪ In answer to special issue No. 1, the jury found that appellees had held peaceable and adverse possession of "the land in controversy," cultivating, using, and enjoying same, and paying all taxes thereon, and claiming under a deed duly registered for 5 years prior to February 11, 1936. This finding was based upon the deed above mentioned. Appellees did not claim to have any other deed to any of the 326.94 acres of land. We sustain appellant's assignment that the finding is without support in the evidence. The land described in appellees' petition exceeds the quantity of land described in their deed by 127.94 acres. There are several wide differences in the field notes in the deed and those in the petition. Both call to begin at the southeast corner of the Mannon Smith survey on the Sabine river, and thence to run S. 60 W. with the Mannon Smith's south line. But the deed under which appellees claim calls for this line to extend 911 varas to corner, the call in the petition is for 1405.8 varas to the S. E. corner of a 200-acre tract in the name of G. W. Hanson, which is an excess or extension of this line of 494.8 varas to an object not mentioned or called for in the deed. The next call in the field

notes in the deed is to go from the corner at 911 varas N. 23 W. 1295 varas to a stake for corner. But this call in appellees' petition is N. 30 W. along the east line of the G. W. Hanson 200-acre tract 1295 varas to a stake for corner. The next or third call is to go N. 60 E. to the west bank of the Sabine river. But the petition calls for the distance in this call to be 1170 varas, and the call in the deed is for 1111 varas. Both call for the corner on the river to have two pines marked X for witness trees. Also, both the petition and the deed then call to go with the meanders of the Sabine river to the place of beginning, but the deed says its field notes contain 199 acres of land, more or less, and the petition that the field notes of the tract therein described to contain 326.94 acres. As appellees had no muniment of title other than the deed mentioned, it is seen that it did not cover the tract of 326.94 acres as set out in the petition, and as the jury found in answer to special issue No. 1, that appellees had had peaceable and adverse possession of the "land in controversy," using, cultivating, and enjoying same under a deed duly registered for more than 5 years before the institution of the suit, the finding is not supported by the evidence.

 But appellees undertake to justify the verdict by contending that, when in traversing the call S. 60 W. along the Smith south line, no evidence of any corner at 911 varas, as called for in the deed, could be found, it was proper to continue the line until a corner was found which was at the S. E. corner of the G. W. Hanson 200-acre tract where a corner and witness trees existed at 1405.8 varas from the starting point. This contention is not sound. The deed did not call for the corner of the Hanson, nor for any fixed object at any point on said line, but only to proceed along the Smith south line 911 varas to corner with a sweet gum marked H and a water oak marked X for witness trees. The Hanson corner, nor the Hanson 200-acre tract of land were not mentioned. There is no doubt as to the location of the beginning corner; the S. E. corner of the Smith, same being the N. E. corner of the Haley on the west bank of the Sabine river. The first line of the land in controversy calls to run S. 60 W. 911 varas with the south line of the Smith to corner, and calls for a sweet gum marked H and a water oak marked X for witness trees. No such corner nor witness trees were found; nothing there to indicate a corner. Appellees say that it was proper to continue the line on this course 494.8 varas to the S. E. corner of the Hanson 200-acre tract. The field notes did not call for the Hanson corner nor the Hanson 200-acre tract of land. We think the rule well settled that in the absence of natural or artificial objects called for in the field notes of a deed showing error in course or distance, and in the absence of proof as to how the original survey was actually made, they must be run out on the course and the distance from known corners with which they connect by their callings expressed in the deed. Gill v. Peterson, 126 Tex. 216, 86 S.W.(2d) 629. Also, in appellees' petition, the second call is N. 30 W. with Hanson's east line 1295 varas to a stake for corner. The second call in the deed is N. 23 W. 1295 varas to a stake for corner. No call for Hanson's east line. The course is different. The field notes in the deed are not ambiguous. No difficulty could arise in their application to the land on the ground. Under these facts appellees were not entitled to maintain their suit for the land described in their petition under a claim as per their deed. Oral proof of the field notes set out in the petition was not only a variance of the terms of the deed, but, in effect, a repudiation of the description of the land therein conveyed, and the inclusion of 127.94 acres not contained in its field notes. Parol evidence cannot make a deed convey land that it does not purport to convey, nor prevent it from conveying that which it does clearly purport to convey. That would be to contradict or vary the writing. Davis v. George, 104 Tex. 106–110, 134 S.W. 326.

 In answer to special issue No. 3, the jury found that appellees had had peaceable and adverse possession of the "land in controversy" for a period of 10 years prior to February 11, 1936. This finding is assailed by appellant as without support in the evidence. We sustain the assignment. The "land in controversy" comprises 326.94 acres. Article 5510, Revised Statutes, provides that only 160 acres of land may be acquired by the 10 years' statute of limitation, including the improvements, or the number of acres actually inclosed, should the same exceed 160 acres. The improvements of appellees were situated on the 199 acres conveyed by their deed. As we understand

**1002**

the record, the whole of the 326.94 acres claimed by appellees and described in their petition was never fenced. That being true, title to the land did not accrue by the 10 years' statute of limitation. Chapman v. Weaver (Tex.Civ.App.) 178 S.W. 660 (writ refused). The field notes in appellees' deed contain the full amount of acreage called for, and more. We do not believe that an excess of some 40 per cent. in quantity intended to be conveyed, could, under the facts, have been contemplated by the expression "more or less" in stating the acreage conveyed. And, as before stated, the field notes in the deed embraced more than the 199 acres called for. We think that this must be true, as appellees' deed did not call for any fixed object or adjoinder to which any of the lines should be run or extended.

Several other questions are presented by appellant, but, as the matters there complained of may not arise on another trial, they will not be discussed. For the errors discussed, the judgment is reversed, and the cause remanded for another trial.