**BECK et al. v. GULF PRODUCTION CO. et al.***

No. 3620.

Court of Civil Appeals of Texas. El Paso.

Jan. 20, 1938.

Rehearing Denied Feb. 10, 1938.

*Second motion for rehearing denied Feb. 24, 1938.

L. H. Doty, of Biloxi, Miss., Sterling Williams, W. T. Williams, Jr., and Williams & Williams, all of Austin, and John T. Buckley and Angus Wynne, both of Longview, for appellants.

Palmer Bradley, Archie D. Gray, John E. Green, and David Proctor, all of Houston, Taylor, Storey & Dotson, of Longview, Sanford, McElwee & Cantrell, of

Houston, W. M. White, Jr., of Mexia, Dwight Simmons, C. B. Ellard, T. R. Freeman, Turner, Rodgers & Winn, and Thompson, Knight, Baker & Harris, all of Dallas, Weeks & Morrow, of Wichita Falls, and Tarlton Morrow, of Houston, for appellees.

HIGGINS, Justice (after stating the case as above).

The claim of the plaintiffs is that the land sued for was not embraced in any of the partition deeds and is unpartitioned land owned by the original tenants in common and the heirs and devisees of such of the original owners as are now dead.

The contention of the defendants is that the land is a part of block No. 5.

In brief, the boundary theory of the plaintiffs is that in locating block 5 the course and distance calls in the partition deed to Clinton Beck can alone be considered, and such calls do not embrace the land sued for.

■ The partition of the land owned by the parties above named was effected by mutual deeds. These deeds must be read and construed together in the light of the circumstances attending their execution. 47 C.J. 274.

■ Another rule here applicable is stated in Standefer v. Vaughan, Tex.Civ. App., 219 S.W. 484, 489, as follows: "Surveys constituting a block are not to be treated as separate and individual surveys; nor can each tract be located independently of the rest, by its own individual lines or calls or course and distances, but such surveys are to be located together as one block or one large tract. * * * The lines and corners found upon any part of the block of surveys belong to each and every tract of the block, as much as they do to the particular tract which they adjoin."

■ There can be no doubt the owners of the Johnson survey intended to fully partition the same when they executed the partition deeds. It cannot be supposed, or even surmised, they had any intention of leaving small irregularly shaped unpartitioned tracts of land scattered around over the Johnson survey which would be the case if the various blocks from 1 to 9, inclusive, were located by course and distance calls alone. Witherspoon Oil Co. v. Randolph, Tex.Com.App., 298 S.W. 520,

522; Mitchner v. Holmes, 117 Mo. 185, 22 S.W. 1070, 1075.

■ The field notes to block 5 and the other 8 blocks upon their face are unambiguous, but when they are applied upon the ground various ambiguities and inconsistencies appear. Under such circumstances parol evidence is admissible to show where on the ground the surveys were actually made. Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629; Blake v. Pure Oil, Tex.Com.App., 100 S.W.2d 1009.

The evidence shows Moore had the outer lines of the Johnson survey and the meanders of the Sabine river surveyed; also the inner lines separating the blocks; that said lines were marked on the ground and stakes driven at corners and on some of the lines between the corners. Later some of the stakes were replaced with railroad angle irons. This is true of some of the stakes marking the boundaries of block 5.

We hold that the old map found among Moore's papers after his death is the map referred to in the partition deeds and in the letters quoted above. This map shows all of the Johnson survey was intended to be divided and was divided. The outer lines of the surveys correspond with the patent calls and the calls of the deed from Cates and others into the cotenants.

■ Under the circumstances we regard the calls in the partition deeds for the various blocks "as divided and mapped by said parties interested" as a particular call controlling conflicting course and distance calls and that the location of block 5 is as shown upon the old map mentioned. Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 1083, 85 A.L.R. 391; Rutherford v. Tracy, 48 Mo. 325, 8 Am.Rep. 104. As so located said block embraces the area here in controversy.

■ Various persons present at the time the lines were surveyed and marked and stakes driven to mark the corners testified. Their testimony was admissible for the purpose of showing, as it did show, where the lines were actually surveyed and the corners established on the ground. Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629; Texas Pac. Coal & Oil Co. v. Crabb, Tex.Com.App., 249 S.W. 835. The testimony of these witnesses as to the location of the marked lines was corroborated by other witnesses. We regard the evidence as conclusively establishing the lines and corners of block 5 to have been surveyed

on the ground and located as contended by appellees and embracing the 110 acres sued for.

We hold that, since the old map mentioned shows the land to be in block 5, and since the testimony of the witnesses mentioned also shows the 110 acres to be within the lines of block 5 as surveyed upon the ground, the trial court properly instructed a verdict for the defendants.

Affirmed.