

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stansell Bryan
District Attorney
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-3800
Re: Constitutionality of
House Bill No. 1079.

We are pleased to comply with your request of July 17th for our opinion as to the constitutionality of House Bill No. 1079 of the 47th Legislature.

House Bill No. 1079 is identical to House Bill No. 518 with the exception that the discrepancy between the caption and body of House Bill No. 518, which was pointed out in our Opinion No. O-3614, has been corrected in House Bill No. 1079.

Said House Bill No. 1079, exclusive of the emergency clause, provides:

"AN ACT providing that the Commissioners Courts in all counties having a population of not less than one hundred thousand (100,000) and not more than one hundred and ninety thousand (190,000) inhabitants, according to the last preceding Federal Census, shall compute and fix the maximum annual salary to be paid an officer named in Section 13 of Chapter 465 of the Acts of the Second Called Session of the Forty-fourth Legislature, where such officer's salary was based upon population under the laws existing on August 24, 1935, on the basis of the population of said county, according to the last preceding Federal Census; provided that the Commissioners Courts in said counties are authorized to fix the maximum annual salary for the balance of the fiscal

year 1941 after the effective date of this
Act on the basis of the Federal Census of
1940 and thereafter according to the last
preceding Federal Census; and declaring an
emergency.

"BE IT ENACTED BY THE LEGISLATURE OF
THE STATE OF TEXAS:

"Section 1.   The Commissioners Courts
in all counties of Texas having a population
of not less than one hundred thousand (100,000)
and not more than one hundred and ninety thou-
sand (190,000) inhabitants, according to the
last preceding Federal Census, in fixing the
annual salary that shall be paid an officer
named in Section 13 of Chapter 465 of the Acts
of the Second Called Session of the Forty-fourth
Legislature, where such officer's salary is de-
termined in compliance with the laws which existed
on August 24, 1935, and is based upon population,
shall compute and fix the salary of each of such
officers at the maximum amount which could have
been paid each of such officers under the laws
existing on August 24, 1935, according to the
Federal Census of 1940 and thereafter according
to the last preceding Federal Census; provided
the Commissioners Courts in said counties are
authorized to amend the present order of said
Court fixing the maximum salary of said officers
for the fiscal year 1941 from and after the ef-
fective date of this Act for the balance of said
fiscal year, according to the Federal Census of
1940, and thereafter according to the last pre-
ceding Federal Census."

Section 13 of Chapter 465, Acts of the Second Called
Session, 44th Legislature, referred to in the Bill, appears as
Article 3912e, Section 13, Vernon's Annotated Civil Statutes,
and prescribes that the salaries for county officers may be "not
more than the maximum amount allowed such officer under laws ex-
isting on August 24, 1935."

Article 3891, Vernon's Annotated Civil Statutes, as
amended in 1935, fixes the maximum compensation for district
and county officers at $4,750.00 in counties having between
60,000 and 100,000 population and at $5,500.00 in counties having

between 100,000 and 150,000 population.

In our Opinion No. O-2582, copy of which is enclosed herewith, we held that an increase in the population of a county as shown by the 1940 census from below to above 100,000 population did not change the maximum salaries which might be paid to the district, county and precinct officers of such county as prescribed by Section 13 of Article 3912e.

The purpose and effect of House Bill No. 1079 is to make applicable to Articles 3891 and 3912e, Vernon's Annotated Civil Statutes, changes in the population of counties, as reflected by the 1940 and each subsequent census, which come within the 100,000 to 190,000 population bracket. We are aware of no provision of the State or Federal Constitutions which might be violated by this Act. We believe the population bracket is sufficiently broad and based upon a reasonable classification so as not to offend Article III, Section 56 of the Texas Constitution. Clark v. Finley, 93 Tex. 171, 54 S. W. 343; County of Bexar v. Tynan, 128 Tex. 223, 97 S. W. (2d) 467. In the latter case the court said:

> "* * * this court recognized that substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, * * * that the work devolving upon an officer was in some degree proportionate to the population of the county."

It is, therefore, our opinion that House Bill No. 1079 is constitutional.

APPROVED AUG. 9, 1941                    Yours very truly

(signed) Gerald C. Mann                  ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

                                         By          (signed)
                                              Walter R. Koch
                                                  Assistant

WRK:RS                                        APPROVED
                                              OPINION
                                              COMMITTEE
                                              BY B.W.B.
                                              CHAIRMAN